1 **BAKER BOTTS L.L.P.**
Peter Huston (Cal. Bar No. 150058)
2 peter.huston@bakerbotts.com
Tina V. Ngo (Cal. Bar No. 324102)
3 tina.ngo@bakerbotts.com
101 California St., Suite 3600
4 San Francisco, CA  94111
Telephone: (415) 291-6200
5 Fax: (415) 291-6300

6 Danny David (*pro hac vice* to be filed)
danny.david@bakerbotts.com
7 One Shell Plaza
910 Louisiana Street
8 Houston, TX 77002
Telephone: (713) 229-1234
9 Fax: (713) 229-1522

10 *Attorneys for Lyft, Inc., Logan Green,
and John Zimmer*

11

12                          **UNITED STATES DISTRICT COURT**

13                          **EASTERN DISTRICT OF CALIFORNIA**

14

| | |
|---|---|
| ADAM JOHN MACKINTOSH, | Case No.: 2:19-at-00870 |
| Plaintiff, | **NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT FROM STATE COURT BY DEFENDANTS LYFT, INC., LOGAN GREEN, AND JOHN ZIMMER** |
| v. | |
| LYFT, INC., et al., | |
| Defendants. | Complaint Filed:  July 24, 2019 |
| | Trial Date:  Not set |
| | (Sacramento County Superior Court Case No. 34-2019-00261236) |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendants Lyft, Inc., Logan Green, and John Zimmer (the "Lyft Defendants") hereby remove this action from the Superior Court of the State of California, County of Sacramento, to the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. §§ 1441(a), 1446 and 1367.  Removal is based on the original jurisdiction of the District Court pursuant to 28 U.S.C. §§ 1331 and 1337(a), 15 U.S.C. § 45(m), 18 U.S.C. §§ 1836(c), 2510(9)(a), 2511(5)(b), 2521, and 3231, on the following grounds:

## I.

## STATEMENT OF JURISDICTION

1.  Removal jurisdiction exists because this Court has original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States" (28 U.S.C. § 1331), civil actions "arising under any Act of Congress regulating commerce" (28 U.S.C. § 1337(a)), and "all offenses against the laws of the United States."  18 U.S.C. § 3231.  Removal jurisdiction further is proper in this Court because the action purports to allege claims under the Defense of Trade Secrets Act (First Amended Complaint ("FAC") ¶¶ 188, 189, 216, 1003, 1007), the Economic Espionage Act (*id.* ¶¶ 188, 189, 216, 233, 258, 977, 978, 1004, 1008, 1009), the Federal Trade Commission Act (*id.* ¶¶ 377, 900), the Computer Fraud and Abuse Act (*id.* ¶ 481), and 18 U.S.C. § 1512 (*id.* ¶¶ 285-87). This Court has supplemental jurisdiction over Plaintiff's state law causes of action because those claims are so related to Plaintiff's federal claims, that they form part of the same case or controversy. 28 U.S.C. § 1367(a).

## II.

## VENUE

2.  Venue is proper in the United States District Court for the Eastern District of California because Plaintiff Adam Mackintosh ("Plaintiff") filed his Complaint in the Superior Court of the State of California, County of Sacramento.  28 U.S.C. § 1446(a); *see also* 28 U.S.C. §§ 84(b), 1391(b)(2); E.D. Cal. L.R. 120(d).

### III.
### PLEADINGS AND PROCESS

3. On July 24, 2019, Plaintiff filed a Complaint in Sacramento County Superior Court, entitled *Adam John Mackintosh vs. Lyft, Inc., et al.*, Case No. 34-2019-00261236-CU-BC-GDS. The original Complaint was not served. On August 2, 2019, Plaintiff filed a First Amended Complaint. On August 14, 2019, Plaintiff served a Summons and a copy of the FAC on Lyft, Inc. On August 27, 2019, Lyft, Inc. received Summons for Logan Green and John Zimmer and additional copies of the FAC. True and correct copies of the Summons and the FAC served on Lyft, Inc., Logan Green, and John Zimmer are attached as **Exhibit A.** The documents attached as Exhibit A constitute all the pleadings, process, and orders served on the Lyft Defendants by Plaintiff. *See* 28 U.S.C. § 1446(a).

### IV.
### TIMELINESS OF REMOVAL

4. This Notice of Removal is timely filed within 30 days of the date the Lyft Defendants were served with the Summons and Complaint.

### V.
### CONSENT OF ALL DEFENDANTS TO REMOVAL

**5.** Pursuant to 28 U.S.C. § 1446(b)(2), counsel for the Lyft Defendants has conferred with all defendants who have been served, or their counsel, and each has provided their consent to removal. *See Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1224-1225 (9th Cir. 2009) (Consent or joinder requirement is met if "one defendant avers that all defendants consent to removal."). Consent forms executed by all defendants who have been served are attached as **Exhibit B.**

### VI.
### NOTICE TO PLAINTIFF AND STATE COURT

6. Pursuant to 28 U.S.C. § 1446(d), the Lyft Defendants concurrently are providing written notice of this removal to Plaintiff. Additionally, pursuant to 28 U.S.C. § 1446(d), Defendants concurrently are filing a copy of such Notice with the clerk of the Sacramento County Superior Court.

**WHEREFORE**, Plaintiff's Complaint is removable to this Court, and the Lyft Defendants hereby remove this action from the Superior Court of the State of California, County of Sacramento, to

the United States District Court for the Eastern District of California, and respectfully request this Court proceed with the matter as if it had been filed originally herein.

Dated: September 13, 2019

                                          Peter K. Huston
                                        **BAKER BOTTS L.L.P.**
                                        Attorneys for Defendants
                                        LYFT, INC., LOGAN GREEN, JOHN ZIMMER